# Swartz Campbell

Swartz Campbell LLC
Two Liberty Place – 28th Floor
50 South 16th Street
Philadelphia PA 19102

William T. Salzer
*Attorney at Law*

voice (215) 299-4346
facsimile (215) 299-4301
wsalzer@swartzcampbell.com
www.swartzcampbell.com

October 16, 2009

*By Fax 267-299-5069*
Honorable Paul S. Diamond
United States District Court
Eastern District of Pennsylvania
601 Market Street
Room 6613
Philadelphia, PA 19107

FILED
OCT 20 2009
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

Re:   Maximino M. Estrada v. Home Depot USA, Inc.; Honda North America, Inc.; MTA Distributers, Inc. and American Honda Motor Company, Inc. USDC, Eastern Dist. of PA, No. 08-4367

Harleysville Mutual Insurance Company vs. Home Depot U.S.A., Inc. USDC, Eastern Dist. of PA, Civil Action No. 09-3782

Dear Judge Diamond:

We are in receipt of Mr. Dubrow's October 16, 2009 correspondence pertaining to the Petition to Intervene filed by Harleysville Mutual Insurance Company ("Harleysville").

As Mr. Dubrow states, the parties' counsel in the *Estrada* action have been circulating proposed Jury Interrogatories, some of which have been forwarded to the undersigned for review. It may very well be that the "second tier" of Jury Interrogatories drafted with an eye toward addressing the indemnification claims will include those inquiries that Harleysville has proposed to be determined, as set forth in the Petition to Intervene. Certainly, if agreement can be reached to the content of the "second tier" of Jury Interrogatories, and presuming that such questions are presented to the jury in the event of a plaintiff's verdict, Harleysville's interests with regard to the Petition would be moot. However, as of the filing of the Petition to Intervene, Home Depot's insurance coverage counsel had yet to reach a position as to the issue.

The stay of the declaratory judgment action does not obviate Harleysville's interest that the verdict slip or Jury Interrogatories clearly explain the basis of the verdict.

As to Mr. Dubrow's second point, we conveyed to him by correspondence dated September 2, 2009, that our representation of Harleysville in this declaratory judgment action is not barred under Rule 1.9 of the Pennsylvania Rules of Professional Conduct. Further, our engagement on

October 16, 2009
page 2

behalf of Harleysville, as insurance coverage counsel, was made known to Home Depot's insurance coverage counsel as early as January 13, 2009. While we will work with defense counsel to obtain an agreement as to the "second tier" Jury Interrogatories which may fully address our concerns, we are not disposed to withdrawing our Petition to Intervene based on Home Depot's statement of intent to file a Motion to Disqualify our firm from representation in this matter or the companion coverage action.

                                                                         Very truly yours,

                                                                         SWARTZ CAMPBELL LLC

                                                                         William T. Salzer

WTS/emf

cc:    Kenneth M. Dubrow, Esquire (by fax: 215-972-7008)
       Jesse Pleet, Esquire (by fax: 610-373-8571)
       Frederick T. Lachat, Esquire (by fax: 215-922-1772)
       Tiffany M. Alexander, Esquire (by fax: 610-964-1981)